**UNITED STATES v. CHIARAVALLE.**

No. 8764.

District Court, E. D. Michigan, S. D.

June 12, 1942.

John C. Lehr and Louis M. Hopping, both of Detroit, Mich., for plaintiff.

John J. Fish, of Dearborn, Mich., for defendant.

LEDERLE, District Judge.

On January 12, 1942, this action was instituted by the United States of America, through the office of the District Attorney at Detroit, Michigan, asking cancellation of certificate of naturalization number 3573-179, issued to defendant, Raffaele Chiaravalle, by this court. On May 11, 1942, defendant filed an answer herein through his attorney, John J. Fish, and in compliance with an order for Pre-Trial Hearing under Rule 16, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, entered herein and served on counsel by mail, providing in part that unless reason appeared to the contrary the court would proceed to judgment at such hearing, Mr. Louis M. Hopping, Assistant District Attorney representing plaintiff, the defendant, his adult daughter and his attorney, Mr. Fish, appeared for such Pre-Trial Hearing. This hearing was held in open court, and defendant and his counsel very frankly admitted that the facts were as alleged in plaintiff's petition herein, stating in explanation that defendant was a peaceful, law-abiding person and had acted without any actual fraudulent intent.

Defendant is a native of Italy, having arrived at the port of New York, January 13, 1909, on the vessel Re D'Italia. He resided in Monessen, Pennsylvania, for about a year and a half, when he removed to Vancouver, British Columbia, Canada. He resided there continuously until July 24, 1923, at which time he was admitted at Blaine, Washington, for permanent residence in the United States. He was admitted as a Canadian, having been naturalized as a Canadian citizen on December 22, 1914, by the County Court at Vancouver, British Columbia. Defendant's first child, Giovanni, was born in Monessen, Pennsylvania, on September 1, 1909. His children Adolfe and Velia Ida were born in Vancouver, British Columbia, on October 1, 1910, and February 24, 1915, respectively.

Plaintiff claims the certificate of naturalization issued by this court to have been fraudulently and illegally procured because of the following untrue statements appearing in defendant's petition for naturalization:

(1) That his children, Adolfe and Velia Ida, were born in Monessen, Pennsylvania, on November 1, 1910, and February 24, 1915, respectively;

(2) That he had resided continuously in the United States since January 13, 1909;

(3) That the country of his then allegiance was Italy;

(4) That he intended to renounce allegiance to Victor Emanuel III, King of Italy.

In taking an oath of allegiance to the United States of America in open court on February 29, 1932, defendant particularly renounced allegiance to his then claimed sovereign and country, Victor Emanuel III, King of Italy, rather than to his actual sovereign and country, George V, King of England, Ireland, and the British Dominions, including the Dominion of Canada.

This action was properly brought under the Nationality Act of 1940, and this court has jurisdiction to determine the matters therein raised. Sections 301 and 338, Nationality Act of 1940, 8 U.S.C.A. §§ 701, 738.

The naturalization statute in effect in 1932 required an applicant for citizenship to take an oath in open court renouncing all allegiance and fidelity to the foreign prince, potentate, state or sovereignty of which he was at such time a citizen or subject.

On February 29, 1932, when defendant purportedly took such oath, upon which his naturalization certificate was issued, he was a citizen of Canada and a subject of George V of England. 8 U.S.C.A. § 381, June 29, 1906 Act, c. 3592, Section 4, 34 Stat. 596.

The right of an alien to acquire citizenship is purely statutory, and citizenship should not be granted unless there has been a strict compliance with these requirements. This defendant may not have fully realized at the time of petitioning for naturalization and at the time of taking an oath of allegiance that the false statements in his petition for naturalization and his failure to renounce allegiance to his then sovereign and State, King George V of England, should prevent his becoming an American citizen, but this does not make his procurement of a naturalization certificate any less a legal fraud. See United States v. Herbert Mickley, D.C., 44 F.Supp. 735, and cases there cited, decided by this court May 6, 1942.

It is therefore ordered that a judgment shall be entered setting aside the order of this court admitting said defendant to citizenship and cancelling said naturalization certificate number 3573179, issued in this court to defendant, Raffaele Chiaravalle, on February 29, 1932, and directing the Clerk of this court to transmit forthwith a certified copy of such judgment to the Commissioner of Naturalization, at Washington, D. C.